## LOUISVILLE, CIN. & LEX. R. CO. v. EDW. E. STOLLE, ETC.

**Railroads—Turntables.**

A railroad company was held not negligent in locating its turntable on its property away from the traveled passway, nor in failing to enclose or lock it.

**Railroads—Turntable—Proximate Cause of Injury.**

The proximate cause of injury of a boy at a turntable was held not to be the failure of the railroad company to enclose or lock the turntable, but to be the trespass of himself and companions of the injured boy, for which trespass the railroad company is not liable.

### APPEAL FROM KENTON CIRCUIT COURT.

September 6, 1873.

OPINION BY JUDGE LINDSAY:

It appears from appellee's testimony that the turntable upon or at which young Stolle was injured was located upon the grounds of the company. That it was not immediately upon a street or other line of travel, and that it could be reached only by leaving the ordinary pass ways and passing over the grounds of appellants. It appears also that the table was stationary and that it required the strength of one man, or the united strength of from two to four boys to move it. Also that the injury was the result of the table being turned or moved by the companions of young Stolle, and that except for the fact of its being so moved the injury would not have occurred. There is no evidence tending to show that the company, in the construction of this table, located as it is upon its own private ground, and away from the traveled pass ways of the city, did not use such precautions as it could reasonably be expected to use under the circumstances. It seems clear to our minds that it did all that a reasonably prudent and honest man would have done under like circumstances, and hence that it was not guilty of culpable negligence. Besides this, the failure of the company to enclose the table or to fasten it so that it could not be moved, was not the proximate cause of the injury complained of. Young Stolle alone could not have moved the table, and except for the fact that he was accompanied by the boys who united their strength to move it, he would not have been hurt. The proximate cause of the injury was the trespass of his companions, and for the consequences of this trespass the company can not be held responsible. The tests of liability in cases like this are well stated by Shearman & Redfield in Sec. 505 of their work on Negligence. Applying these tests to appellee's proof, it is clear that no recovery against the company ought to have been had, and hence we are of opinion that the circuit court erred in refusing to give the peremptory instruction to find for appellant at the time it was asked. For which error the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*M. J. Dudley, for appellant.*

*Lindsey, for appellee.*